

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

USA V. JOEL S. GANZ

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

08-211 (RMC)

July 14, 2008

Barry Coburn, Esq.
Coburn & Coffman, PLLC
1244 19th Street, N.W.
Washington, DC 20036

**FILED**

AUG 1 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:    Dr. Joel S. Ganz

Dear Mr. Coburn:

This letter sets forth the full and complete plea offer to your client, Dr. Ganz ("your client"), from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on July 14, 2008. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

1.    **Charges and Statutory Penalties**

Your client agrees to waive indictment and plead guilty to a one-count information charging a violation of 18 U.S.C. §1518 (obstruction of criminal investigation of health care offenses). Dr. Ganz understands that the maximum sentence that can be imposed is five years of imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, and a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. In addition, the Court is obligated to order restitution pursuant to 18 U.S.C. Section 3663A.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense, *i.e.* will not be prosecuted for any obstruction of justice, health care fraud, or other such criminal conduct related to the activities set forth in the Statement of Offense and during the time period covered by the Statement of Offense. This agreement not to prosecute your client does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and

23 D.C. Code § 1331(4). It is understood that the government has no evidence, as of the date of this agreement, of any crimes of violence involving your client.

2.      **Factual Stipulations**

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

3.      **Sentencing Guidelines Stipulations**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2007) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, your client acknowledges that it is the government's position that the following would apply in this case:

§2             2J1.2 - Obstruction of Justice                          14

The parties agree should the Court impose a fine, at Guidelines level 12 (see paragraph 4), the applicable fine range is $3,000 to $30,000.

In the event that this plea offer either is not accepted by your client or is accepted by your client but the guilty plea either is rejected by the Court or subsequently is withdrawn, the parties will not be bound by these interpretations of the Sentencing Guidelines provisions.

4.      **Acceptance of Responsibility: 2-level reduction**

Assuming your client clearly demonstrates acceptance of responsibility, to the reasonable satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). The government will not require your client to admit to actually committing billing fraud in order to receive this adjustment. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, see U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (I) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

5.    **Agreement on Maximum Period of Imprisonment**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, your client and the government agree that the maximum period of imprisonment that may be imposed in this case will not include jail or prison time. The parties understand that the resulting sentence may be either higher or lower than the Sentencing Guidelines range as calculated by the United States Probation Office. Nevertheless, the parties agree that they will recommend to the Court that, pursuant to Sentencing Guidelines Section 6B1.2(c)(2), there are justifiable reasons for the Court to accept the agreed-upon limitation on the sentence to be imposed. If the Court accepts this condition, then the agreed disposition will be included in the judgment pursuant to Rule 11(c)(3) of the Federal Rules of Criminal Procedure. The parties understand, however, that, in light of other factors, the Court may not agree to accept this condition and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that, if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement and will afford your client an opportunity to withdraw the plea, or if he persists in the guilty plea, will inform him that the final disposition may be less favorable to him than that contemplated by this agreement. Should this occur, the parties agree that nothing in this document, the Statement of Offense, or the negotiations leading up to this agreement, will be admissible in evidence at trial.

6.    **Criminal History Category**

Based upon the information now available to this Office, it appears that your client has no prior criminal convictions. Accordingly, it appears that your client's Criminal History Category is I. Nothing in this Agreement limits the government from seeking an appropriately adjusted sentencing range if it is determined based upon new information that your client's criminal history category is different from that set forth above.

7.    **Agreement as to Sentencing Allocution**

Except as provided in paragraph 5, the government reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter including the right to set forth all of its evidence with respect to your client's criminal activities at sentencing and at any proceeding(s) before the Bureau of Prisons. Your client acknowledges that the government is not obligated and does not intend to file any downward departure sentencing motion under § 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

The government reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

In exchange for your client's guilty plea, the government agrees 1) to recommend to the Court a 2-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1; 2) not to oppose your client's release pending sentencing; 3) not to oppose a probationary sentence,

provided that your client (a) cooperates with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperates fully and truthfully with the Court in any proceeding arising from this matter, (c) complies with the other provisions of this agreement; and (d) abides by the conditions set for his release by the Court.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

8.    **Court Not Bound by the Plea Agreement**

Except as provided in paragraph 5 regarding the agreement on maximum period of imprisonment, it is understood that, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B),  the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues.  In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

9.    **Court Not Bound by the Non-Mandatory Sentencing Guidelines**

Except as provided in paragraph 5 regarding the agreement on maximum period of imprisonment, it is understood that the sentence to be imposed upon your client is determined solely by the Court.  It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range.  The Government cannot, and does not, make any promise or representation as to what sentence your client will receive.  Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

10.    **Restitution**

In addition to the other penalties provided by law, the Court must also order that your client make restitution under 18 U.S.C. section 3663A.

11.    **Financial Arrangements**

Your client agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. section 3013.  Your client also agrees to provide a full and complete accounting of all assets, real or tangible,

held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

12.    **Bond Conditions**

Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

13.    **Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules as set forth in the preceding paragraph.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's

obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

14.   **Appeal**

Your client agrees not to file an appeal from any sentence imposed. This provision is binding even if the Court employs a Guidelines analysis different from that stipulated to herein.

15.   **Waiver of Statute of Limitations**

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

16.   **Waiver of Right to DNA Testing**

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

17.   **Complete Agreement**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you.

Sincerely yours,

*Jeffrey A. Taylor/JJD*

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____

VIRGINIA CHEATHAM
Assistant U.S. Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: _____        _____
                                        Dr. Joel S. Ganz
                                        Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 8/12/08        _____
                     Barry Coburn, Esquire
                     Attorney for the Defendant