UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Criminal No. 08- 211 (RMC) |
| v. : | |
| **JOEL S. GANZ,** : | |
| Defendant. : | |

FILED
AUG 1 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### STATEMENT OF THE OFFENSE

Pursuant to Fed. R. Cr. P. 11, defendant Dr. Joel S. Ganz agrees and stipulates as follows:

Special Agents from the Federal Bureau of Investigation ("FBI") are "criminal investigators" and authorized by the Department of Justice to conduct and engage in investigations for prosecutions for violations of health care offenses.

The District of Columbia's Medicaid is a health care benefit program, jointly funded by the federal government and the District of Columbia, created to provide medical assistance and other benefits for certain individuals and families, typically those with low incomes and a lack of financial resources. In the District of Columbia, the Medicaid program is administered by the Medical Assistance Administration (MAA) which is located within the District of Columbia's Department of Health. Medicaid reimburses doctors for services actually provided to Medicaid beneficiaries.

RCM of Washington, Inc. ("RCM"), is an organization which provides services for mentally retarded individuals in a residential group home setting. Medicaid pays for services actually provided to these mentally retarded residents, including services for psychiatric care and evaluation. During the relevant time period (December 2002 to April 2004), RCM maintained six group homes, and employed a number of different care-givers and professionals to assist their mentally retarded residents, including two nurses who oversaw three homes each. The nurses, as

well as the staff of the group homes, kept records on each mentally retarded resident; if the documents were considered "medical records," the documents would be maintained for the life of the resident.

At RCM, each mentally retarded resident was provided the care which s/he required; some residents were on medication for physical conditions; some, but not all, of the residents of RCM took psychotropic medications. If a resident received psychotropic medications, then RCM held monthly meetings with a psychiatrist to determine whether the residents should be continued on the same psychotropic medicine and with the same dosage.

The defendant, Joel S. Ganz, is a licensed medical doctor in the District of Columbia, with a psychiatric practice. Beginning in early 2005 and continuing to the present, he was under investigation for possible fraudulent conduct in billing for psychiatric consultation services regarding RCM residents. Dr. Ganz was aware of the pendency of the investigation by late 2006.

Sometime within the course of the government's investigation of this matter, Dr. Ganz created medical records "documenting" services provided on behalf of Medicaid residents. These records purported to show that Dr. Ganz provided services to the RCM residents who were not on psychotropic medicines. However, these records had been created by Dr. Ganz after the fact so as to render them exculpatory. In the spring of 2007, Dr. Ganz caused these false

records to be provided to the FBI and the U.S. Attorney's Office for the District of Columbia in an attempt to cause the investigation to be closed without charges being brought against him.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia

By: _____
VIRGINIA CHEATHAM
Assistant U.S. Attorney
Bar No. 411980
Virginia.cheatham@usdoj.gov
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-9732

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Cr. P. 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.

Date: 5 - JL 08            _____
                           Joel S. Ganz
                           Defendant

I have discussed this Statement of Offense with my client. I concur with his decision to stipulate to this Statement of Offense.

Date: 8/12/08              _____
                           Barry Coburn, Esq.
                           Attorney for the Defendant